IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SILVER DOLLAR CITY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ADRENALIN ATTRACTIONS LLC,<br><br>    Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff Silver Dollar City, LLC ("Plaintiff" or "Silver Dollar City") files this Complaint against Defendant Adrenalin Attractions LLC ("Defendant" or "Adrenalin"), and for cause would show the Court the following:

**PARTIES**

1. Plaintiff Silver Dollar City is a Missouri limited liability company, with its principal place of business at 2800 West Highway 76, Branson, Missouri 65616.

2. Upon information and belief, Defendant Adrenalin is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business at 4760 W. Dewey Drive, Suite 107, Las Vegas, Nevada 89118. Upon information and belief, Defendant may be served with process by serving its registered agent Scott D'Avanzo ("Mr. D'Avanzo"), at 6380 S. Valley View Blvd., Suite 232, Las Vegas, NV, 89118 , or 4760 W. Dewey Drive, Suite 107, Las Vegas, Nevada 89118, or at 8383 Wilshire Blvd., Suite 800, Beverly Hills, California 90211, or alternatively, at Mr. D'Avanzo's residence of 36 Lewiston Court, Ladera

Ranch, California 92694. Upon information and belief, Mr. D'Avanzo is the sole owner of Defendant Adrenalin.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 2201. The Court also has subject matter jurisdiction over this controversy under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it is a civil action involving a federal question, namely a civil action involving, *inter alia*, the Lanham Act, 15 U.S.C. § 1051 *et seq*.

4. This Court has personal jurisdiction over Defendant because, *inter alia,* Defendant's claims of Plaintiff's alleged service mark infringement and unfair competition are occurring in this State, including without limitation, Defendant's allegations of a likelihood of confusion between the parties' uses of their respective marks and services; and Defendant's demand that Silver Dollar City change the name of its attraction and abandon its application (as defined in paragraph 12 below) to register its "MYSTIC RIVER FALLS" mark for amusement park services filed with the U.S. Patent and Trademark Office. The acts and/or omissions of Defendant by its allegations and demand were intentional, expressly aimed at the forum state, and have caused and will continue to cause the majority of harm to Silver Dollar City in the forum state. This Court also has personal jurisdiction over the Defendant based on Defendant's operation of an interactive website that is accessible by residents in this State, and through its marketing and promotion of its services to the forum state through Facebook, Twitter, and other social media websites. This Court also has personal jurisdiction over the Defendant pursuant to Mo. Ann. Stat. § 506.500(1)(3).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because this is a civil action involving Defendant's allegations of service mark infringement; a substantial part

of the acts or omissions giving rise to Silver Dollar City's claims occurred in this District; and Defendant is a company subject to personal jurisdiction in this District.  Moreover, the property associated with Silver Dollar City's accused service mark is located exclusively in this District.

## BACKGROUND FACTS

**A.     Plaintiff's "MYSTIC RIVER FALLS" Mark**

6.     Silver Dollar City seeks a declaration of its rights in the mark "MYSTIC RIVER FALLS" for use in connection with amusement park services (sometimes referred to as the "Mark").  Silver Dollar City seeks a declaration in response to Defendant's allegations of service mark infringement relating to Silver Dollar City's use of its "MYSTIC RIVER FALLS" mark in connection with Silver Dollar City's 23 million dollar expansion at its internationally known theme park in Branson, Missouri in this District (the "Theme Park").

7.     Opened in 1960, Silver Dollar City's Theme Park pays tribute to the history of the Ozarks, featuring a multitude of rides and attractions, live shows and concerts, resident craftsmen, restaurants, and shops harkening back to the 1880s.  Over its almost 60 years of operations, Silver Dollar City's Theme Park has developed a reputation as a family-friendly vacation destination with rustic charm.

8.     The Theme Park was developed around the national natural landmark, Marvel Cave, which is believed to have been explored by the Spanish as early as the 16th century.  Marvel Cave contains a Mystic River Passage and Mystic River Pool Room that explorers and tourists have enjoyed for decades, if not centuries.  Indeed, Silver Dollar City's humble beginnings started with cave tours through Marvel Cave, and those tours continue to this day.

9.      In recognition of the Theme Park's origins and as part of its Jubilee anniversary, Silver Dollar City is expanding the Theme Park to include a new water-themed attraction.

Specifically, Silver Dollar City is constructing a river adventure based on the history of Marvel Cave, complete with a half-mile scenic journey, lift tower, elevated river channel, hidden mine shaft, and waterfall. Silver Dollar City is investing more than 20 million dollars on this new attraction at the Theme Park.

10. Based on the above history, Silver Dollar City selected and adopted the mark "MYSTIC RIVER FALLS" for its new water adventure at the Theme Park. Silver Dollar City has extensively advertised and promoted its new water adventure under its "MYSTIC RIVER FALLS" mark. Silver Dollar City will continue its intensive advertising and promotion of its new attraction in advance of the grand opening of the expanded Theme Park in 2020.

11. Silver Dollar City is the sole owner of all common-law rights in its "MYSTIC RIVER FALLS" mark and associated goodwill for amusement park services.

12. As part of its investment in, and protection of, its "MYSTIC RIVER FALLS" mark and associated goodwill, Silver Dollar City filed an application to register the Mark with the U.S. Patent and Trademark Office. Specifically, on April 3, 2019, Silver Dollar City filed U.S. Application Serial No. 88,369,571 for the mark "MYSTIC RIVER FALLS" for "Entertainment services, namely, providing an amusement park ride in the nature of a water ride" on an intent-to-use basis (the "Application").

13. The U.S. Patent and Trademark Office examined the Application to determine if the Mark was registrable to Silver Dollar City for the services identified in the Application. The trademark examining attorney concluded that the "MYSTIC RIVER FALLS" mark was registrable to Silver Dollar City for amusement park services.

14. The U.S. Patent and Trademark Office published the Mark for opposition on July 23, 2019. In September 2019, the U.S. Patent and Trademark Office issued a Notice of Allowance

to Silver Dollar City for the Mark. The Notice of Allowance indicated that Silver Dollar City had satisfied the requirements for registration of its Mark.

15. Notably, during examination of Silver Dollar City's Mark and Application, the trademark examining attorney did not cite Defendant's "MYSTIC MOTEL" mark or any other MYSTIC-formative mark as a bar to registration of Silver Dollar City's "MYSTIC RIVER FALLS" mark.

16. Importantly, the Defendant did not oppose the Application during the requisite opposition period or file a request for an extension of time to oppose registration of the Mark for amusement park services.

**B.     Defendant's "MYSTIC MOTEL" Mark**

17. In contrast to Silver Dollar City's multimillion dollar Theme Park, upon information and belief, in the Fall of 2013, Mr. D'Avanzo constructed a homemade "dark house" in the 2-car garage of his house located at 36 Lewiston Court in Ladera Ranch, California. Upon information and belief, this was a family project and neighborhood attraction.

18. Upon information and belief, Mr. D'Avanzo called this homemade "dark house" the "Mystic Motel."

19. Upon information and belief, Mr. D'Avanzo's seasonal "dark house" project operated intermittently for a few years during the Halloween season, and was then replaced with a seasonal Christmas-themed project entitled "Journey to Polar Point." Upon information and belief, Mr. D'Avanzo also built the "Journey to Polar Point" project, which was also located in the garage or basement of the family's house in Ladera Ranch, California.

20. Upon information and belief, both the "Mystic Motel" "dark house" and the Christmas-themed "Journey to Polar Point" family projects were destroyed or deconstructed at

some time. Upon information and belief, the "Mystic Motel" and "Journey to Polar Point" marks were not in continuous use with those projects during certain years. Upon information and belief, the "Mystic Motel" and "Journey to Polar Point" marks were not used at all or in interstate commerce with those projects during certain years.

21. Upon information and belief, the "MYSTIC MOTEL" mark does not appear to be in use at this time. Upon information and belief, Mr. D'Avanzo and his family are not currently living in the Ladera Ranch house and they appear to have no ability to offer the "dark house" attraction under the "MYSTIC MOTEL" mark for Halloween this year.

22. On November 20, 2013, Mr. D'Avanzo filed an application with the U.S. Patent and Trademark Office to register the service mark "MYSTIC MOTEL" for amusement park services. Specifically, Mr. D'Avanzo filed U.S. Application Serial No. 4,579,186 to register the mark "MYSTIC MOTEL" for "Entertainment Services in the nature of an amusement park attraction."

23. In the application, Mr. D'Avanzo represented to the U.S. Patent and Trademark Office that his use of the "MYSTIC MOTEL" mark in connection with his garage-built neighborhood attraction constituted the required "use in interstate commerce." Mr. D'Avanzo identified October 30, 2013 as the date he first used the "MYSTIC MOTEL" mark with amusement park services both in any capacity and in interstate commerce.

24. On April 27, 2016, Mr. D'Avanzo formed Defendant Adrenalin in Nevada. Upon information and belief, at an unknown time, Mr. D'Avanzo created (or had another person create) a website identified as www.adrenalinattractions.com to promote his ride design and amusement park services, as well as the "MYSTIC MOTEL" mark. *See* Exhibit A. Defendant Adrenalin's website solicits all users to contact the Defendant. For example, the website states, "At Adrenalin

Attractions we use innovative thinking and the latest technologies to bring ideas to life. From design to execution, no project is too big." "Let us know what you need, we'll make it happen." *See* Exhibit A.

25. Defendant's Twitter account also advertises that "Adrenalin Attractions LLC is a USA based ride design & manufacturing company specializing in building amazing dark rides & theming anything imaginable!" (https://twitter.com/adrenalinattrac). *See* Exhibit B.

26. On Defendant's website "Our Services" page, it states that the attractions include: amusement attractions, haunted attractions, static props, scenery, animatronics and character development, amusement ride vehicles, special FX, specialty and backlight painting, art and animation, office cabinets, desks, display cases, AutoCAD and CNC department, full wood working, 3-D printing and "anything else." *See* Exhibit A.

27. Defendant's Facebook account mimics its website and other social media sites with: "You Dream....We Theme! Services include: Amusement Attractions, Design & Fabrication, Character Creation, Animatronics, Animation, Special FX, and Theming. From amazing dark rides to mega man caves, we do it all big and small, all in the USA!" (https://www.facebook.com/pg/AdrenalinAttractions/about/?ref=page_internal.) *See* Exhibit C.

28. Upon information and belief, on March 4, 2018, Mr. D'Avanzo assigned the "MYSTIC MOTEL" mark to his new company, Defendant Adrenalin. According to the California Secretary of State's Office, Nevada-based Defendant Adrenalin has never been (and is not currently) registered to do business in California at any time from 2016 to the present. Upon information and belief, Defendant Adrenalin has never operated the garage-built neighborhood "dark house" called "MYSTIC MOTEL."

29.     Upon information and belief, Defendant Adrenalin does not offer or provide any services, including amusement park services, under the mark "MYSTIC MOTEL." Upon information and belief, Defendant Adrenalin allegedly offers custom services for designing and building attractions and props for its customers. To date, Defendant has only identified one customer for its custom services. The customer allegedly contracted with Defendant to create a "Kooky Trails" ride created from a pre-existing video game.

30.     Unlike Silver Dollar City, upon information and belief, Defendant has never provided, let alone offered, any waterfall, water park ride, or river backdrop. Moreover, upon information and belief, Defendant has never provided, let alone offered, any waterfall, water park ride or a river backdrop under the "MYSTIC MOTEL" mark.

31.     On September 30, 2019, Defendant's California counsel sent a written communication to Silver Dollar City at its Branson, Missouri headquarters. A copy of the letter is attached as Exhibit D. In that letter, Defendant's counsel alleged that Silver Dollar City's "MYSTIC RIVER FALLS" mark would infringe the "MYSTIC MOTEL" mark, and further, would unfairly compete with Defendant's mark. Defendant's counsel further demanded that Silver Dollar City change the name of its multi-million-dollar water-themed attraction already under construction under the mark "MYSTIC RIVER FALLS." Defendant's counsel further demanded that Silver Dollar City expressly abandon its Application to register its "MYSTIC RIVER FALLS" mark for amusement park services pending with the U.S. Patent and Trademark Office.

32.     Upon information and belief, separate and apart from the "MYSTIC MOTEL" mark, Defendant's current aggressive posture is not without precedent. The Defendant's registered mark "MYSTIC CITY" for amusement park and theme park services was cancelled in 2018

8

Case 6:19-cv-03369-MDH   Document 1   Filed 10/17/19   Page 8 of 16

following a challenge by the Shakopee Mdewakanton Sioux Community (the "Sioux Community"), based on non-use and/or lack of use in interstate commerce.

33. Upon information and belief, Defendant's "MYSTIC PARKS AND RESORTS" service mark is currently subject to an opposition by the \Sioux Community before the U.S. Patent and Trademark Office for similar violations of the Lanham Act.

34. In light of Defendant's demand that Silver Dollar City take immediate action and change its "MYSTIC RIVER FALLS" mark and expressly abandon its allowed application for its Mark, and Defendant's implied threat of legal action against Silver Dollar City for service mark infringement, there is an actual controversy between the parties that required Silver Dollar City to file this request for declaratory relief.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY OF
## <u>SERVICE MARK REGISTRATION</u>

35. Silver Dollar City repeats and realleges the allegations contained in Paragraphs 1 through 33 as if expressly incorporated herein.

36. An actual, present, and justiciable controversy exists between Silver Dollar City and Defendant regarding Silver Dollar City's alleged infringement of Defendant's service mark "MYSTIC MOTEL" for amusement park services, and Silver Dollar City's right to use its Mark with its amusement park services, as alleged in Defendant's counsel's September 30, 2019 letter.

37. Defendant has made clear its position that it believes Silver Dollar City's "MYSTIC RIVER FALLS" mark infringes Defendant's "MYSTIC MOTEL" mark. Silver Dollar City strongly disagrees with Defendant's position.

38. The dispute between Silver Dollar City and Defendant is substantial, definite, immediate, and not hypothetical. Silver Dollar City has a reasonable apprehension that Defendant

will file a service infringement action against Silver Dollar City regarding its "MYSTIC RIVER FALLS" mark with amusement park services. Upon information and belief, Defendant or an affiliated entity owned by Mr. D'Avanzo has sued at least one other company for trademark infringement.

39. To resolve the legal and factual questions Defendant raised and to afford relief from the uncertainty and controversy that Defendant's actions have caused, Silver Dollar City seeks and is entitled to a declaratory judgment of its rights in its "MYSTIC RIVER FALLS" mark under 28 U.S.C. §§ 2201-02.

40. Defendant's service mark registration for "MYSTIC MOTEL" for amusement park services is invalid for failure to meet one or more requirements of the Lanham Act, 15 U.S. 1051 *et seq.*

41. This Court should enter a declaratory judgment that Defendant's service mark registration is invalid based on Defendant's failure to meet one or more requirements of the Lanham Act, 15 U.S.C. § 1051 *et seq.*

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF SERVICE MARK

42. Silver Dollar City repeats and realleges the allegations contained in Paragraphs 1 through 41 as if expressly incorporated herein.

43. An actual, present, and justiciable controversy exists between Silver Dollar City and Defendant regarding Silver Dollar City's alleged infringement of Defendant's service mark "MYSTIC MOTEL", and Silver Dollar City's rights to use its Mark with its amusement park services, as alleged in Defendant's counsel's September 30, 2019 letter.

44. Defendant has made clear its position that it believes Silver Dollar City's "MYSTIC RIVER FALLS" mark infringes Defendant's "MYSTIC MOTEL" mark. Silver Dollar City strongly disagrees with Defendant's position.

45. The dispute between Silver Dollar City and Defendant is substantial, definite, immediate, and not hypothetical. Silver Dollar City has a reasonable apprehension that Defendant will file a service infringement action against Silver Dollar City regarding its "MYSTIC RIVER FALLS" mark for amusement park services.

46. To resolve the legal and factual questions Defendant raised and to afford relief from the uncertainty and controversy that Defendant's actions have caused, Silver Dollar City seeks and is entitled to a declaratory judgment of its rights in its "MYSTIC RIVER FALLS" mark under 28 U.S.C. §§ 2201-02, including a declaration that Silver Dollar City does not infringe Defendant's "MYSTIC MOTEL" mark for amusement park services.

47. There is no likelihood that relevant consumers will be confused by Silver Dollar City's use of its "MYSTIC RIVER FALLS" mark for amusement park services and Defendant's use of its "MYSTIC MOTEL" mark for amusement park services. There is no likelihood of confusion by relevant consumers, including based on the substantial geographic distance between the location where Silver Dollar City provides its amusement park services under its "MYSTIC RIVER FALLS" mark and the location where Mr. D'Avanzo and/or Defendant have sometimes provided amusement park services under its "MYSTIC MOTEL" mark.

48. The Court should enter a declaratory judgment of non-infringement regarding Silver Dollar City's use of and application to register its "MYSTIC RIVER FALLS" mark for amusement park services.

## COUNT III
## CANCELLATION OF DEFENDANT'S SERVICE MARK
## <u>REGISTRATION BASED ON FRAUD</u>

49. Silver Dollar City repeats and realleges the allegations contained in Paragraphs 1 through 48 as if expressly incorporated herein.

50. Defendant represented to the U.S. Patent and Trademark Office that it has been using Defendant's "MYSTIC MOTEL" mark with amusement park services in interstate commerce continuously since first adopting the mark on October 30, 2013.

51. Upon information and belief, Defendant was not using Defendant's "MYSTIC MOTEL" mark in interstate commerce at the time Defendant filed its use-based application with the U.S. Patent and Trademark Office.

52. Upon information and belief, Defendant knew it was not using Defendant's "MYSTIC MOTEL" mark with amusement park services in interstate commerce at the time Defendant filed its application with the U.S. Patent and Trademark Office.

53. Upon information and belief, Defendant knowingly misrepresented the scope of its rights in Defendant's "MYSTIC MOTEL" mark in its application for the purpose of defrauding the U.S. Patent and Trademark Office and obtaining Defendant's certificate of registration for the "MYSTIC MOTEL" mark.

54. Pursuant to 15 U.S.C. §§ 1064 and 1119, Defendant's registration for the "MYSTIC MOTEL" mark is void *ab initio*.

55. In sum, upon information and belief, Defendant had not used the mark in interstate commerce as of the claimed date of first use in interstate commerce in the Application of October 30, 2013, nor had Defendant used the mark in interstate commerce at any time prior to

12
Case 6:19-cv-03369-MDH   Document 1   Filed 10/17/19   Page 12 of 16

the filing date of the use-based Application, November 20, 2013. As such, the use-based application was invalid as filed and the resulting registration should be cancelled.

56. The Court should cancel Defendant's registration of the "MYSTIC MOTEL" mark for amusement park services.

## COUNT IV
## CANCELLATION OF DEFENDANT'S SERVICE MARK REGISTRATION BASED ON LACK OF USE IN INTERSTATE COMMERCE AT THE TIME OF FILING

57. Silver Dollar City repeats and realleges the allegations contained in Paragraphs 1 through 56 as if expressly incorporated herein.

58. Defendant represented to the U.S. Patent and Trademark Office that it had used Defendant's "MYSTIC MOTEL" mark with amusement park services in interstate commerce at the time of filing its use-based service mark application in 2013.

59. Upon information and belief, Defendant had not used the "MYSTIC MOTEL" mark in interstate commerce at the time of filing its use-based application for registration of such mark.

60. Because Defendant did not have use of its mark in interstate commerce as of the time of filing its used-based application, Defendant's registration for the "MYSTIC MOTEL" mark is void *ab initio.*

61. In sum, upon information and belief, Defendant had not used the mark in interstate commerce as of the claimed date of first use in interstate commerce in the Application of October 30, 2013, nor had Defendant used the mark in interstate commerce at any time prior to the filing date of the use-based Application, November 20, 2013. As such, the use-based application was invalid as filed and the resulting registration should be cancelled.

62. The Court should cancel Defendant's registration of the "MYSTIC MOTEL" mark for amusement park services.

## COUNT V
## DECLARATORY JUDGMENT OF UNFAIR COMPETITION

63. Silver Dollar City repeats and realleges the allegations contained in Paragraphs 1 through 62 as if expressly incorporated herein.

64. An actual, present, and justiciable controversy exists between Silver Dollar City and Defendant regarding Silver Dollar City's alleged service mark infringement and its rights to use and register its "MYSTIC RIVER FALLS" mark for amusement park services, as alleged in Defendant's counsel's September 30, 2019 letter.

65. Defendant has made clear its position that it believes Silver Dollar City's "MYSTIC RIVER FALLS" mark infringes Defendant's "MYSTIC MOTEL" mark. Silver Dollar City strongly disagrees with Defendant's position.

66. The dispute between Silver Dollar City and Defendant is substantial, definite, immediate, and not hypothetical. Silver Dollar City has a reasonable apprehension that Defendant will file a service infringement action against Silver Dollar City regarding its "MYSTIC RIVER FALLS" mark for amusement park services.

67. To resolve the legal and factual questions Defendant raised and to afford relief from the uncertainty and controversy that Defendant's actions have caused, Silver Dollar City seeks and is entitled to a declaratory judgment of its rights in its "MYSTIC RIVER FALLS" mark under 28 U.S.C. §§ 2201-02.

68. Defendant's service mark "MYSTIC MOTEL" for amusement park services is invalid for failure to meet one or more requirements of the Lanham Act, 15 U.S. 1051 *et seq.*

69. At least as early as Defendant's counsel's September 30, 2019 letter to Silver Dollar City, Defendant knew that its "MYSTIC MOTEL" mark was invalid and/or otherwise unenforceable. Defendant has intentionally, knowingly, and/or negligently (i.e., failing to exercise reasonable care or competence) alleged that Silver Dollar City infringes Defendant's "MYSTIC MOTEL" mark for amusement park services. In so doing, Defendant supplied false information for the guidance of Silver Dollar City's business transactions.

70. The foregoing acts of Defendant constitute committing a tortious act in violation of Missouri law.

71. Silver Dollar City has been harmed and will continue to be harmed as a direct result of Defendant's acts and omissions.

72. Silver Dollar City requests a compensatory award, as it has been harmed from Defendant's acts and omissions, which were the proximate and/or the producing cause of Silver Dollar's damages.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Silver Dollar City prays for a judgment:

1. Declaring that Defendant's "MYSTIC MOTEL" registration is invalid based on Defendant's failure to meet one or more requirements of the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

2. Declaring that Silver Dollar City's "MYSTIC RIVER FALLS" mark does not infringe Defendant's "MYSTIC MOTEL" mark for amusement park services;

3. Declaring that Defendant's registration for "MYSTIC MOTEL" mark for amusement park services is void *ab initio*; that such registration is cancelled based on Defendant's fraud on the U.S. Patent and Trademark Office pursuant to 15 U.S.C. §§ 1064 and 1119; and directing the U.S. Patent and Trademark Office to immediately cancel Defendant's registration;

4. A judgment declaring that Defendant has unfairly competed with Silver Dollar City in violation of Missouri law;

5. A judgment declaring that Silver Dollar City has the right to use and register its "MYSTIC RIVER FALLS" mark for amusement park services offered for sale and sold by Silver Dollar City, free from interference from Defendant, its officers, agents, employees, attorneys, representatives, successors and assigns, and any and all other persons acting in active concert or participation with or under authority of the Defendant;

6. Awarding Silver Dollar City its costs in this action;

7. Declaring that this case is "exceptional" under 15 U.S.C. § 1117 and awarding to Silver Dollar City its attorneys' fees associated with this action; and

8. For such other relief as the Court deems just and proper.

Dated: October 17, 2019

Respectfully submitted,

ELLIS, ELLIS, HAMMONS & JOHNSON, P.C.

  /s/ John D. Hammons, Jr.
John D. Hammons, Jr.
Missouri Bar No. 38668
Email: jhammons@eehjfirm.com
The Hammons Tower
901 East St. Louis, Suite 600
Springfield, MO 65806
Phone: (417) 866-5091
Fax: (417) 866-1064